**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

**AMY BISHOP, T'KEYHA COFFEY,
ANGELICA MALDONADO, SHANTE MCNAIRY,**
and **ALEXANDRIA REED**, *Individually,
and on behalf of themselves and other similarly
situated current and former employees*,

    Plaintiffs,

v.

**TYSON RANCH PROCESSING, LLC,**
*a Delaware Limited Liability Company*,
**TYSON HOLISTIC HOLDINGS, INC.,**
*a California Corporation, and*
**ROBERT A. HICKMAN,**
*an Individual,*

    Defendants.

NO. _____

**FLSA Collective Action
JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Named Plaintiffs, Amy Bishop, T'Keyha Coffey, Angelica Maldonado, Shante McNairy, and Alexandria Reed (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, bring this Fair Labor Standards Act ("FLSA") collective action against the above-named Defendants and show as follows:

### I. NATURE OF SUIT

1. This lawsuit is brought against Defendants as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiffs and other similarly situated current and former employees of Defendants, as defined herein.

2. Defendants violated the FLSA by failing to compensate Plaintiffs at the rate of time and

1

one-half their regular rate of pay for all the hours worked over forty (40) hours in each workweek. Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

3. Plaintiff Amy Bishop was employed by Defendants as a Line Tech and Shift Lead within the three (3) year period preceding the filing of this Collective Action Complaint. Plaintiff Bishop worked for Defendants at their location in California from January 2019 to June 2019 and at their location in Tennessee from June 2019 until November 2019. Plaintiff Bishop was told she would be paid $25.00 per hour for every hour worked for Defendants during her employment from January 2019 until November 2019. Plaintiff Bishop hereby consents to be a party-plaintiff and a named representative plaintiff in this action and her consent to join form is attached as "*Collective Exhibit A*."

4. Plaintiff T'Keyha Coffey was employed by Defendants as a Line Tech and Shift Lead within the meaning of the FLSA within the three (3) year period preceding the filing of this Collective Action Complaint. Plaintiff Coffey worked for Defendants in Tennessee from May 2019 until November 2019. Plaintiff Coffey was told she would be paid $18.00 per hour for every hour worked for Defendants as a Line Tech and was promoted to Shift Lead in June 2019 with a raise to $25.00 per hour. Plaintiff Coffey hereby consents to be a party-plaintiff and a named representative plaintiff in this action and her consent to join form is attached as "*Collective Exhibit A*."

5. Plaintiff Angelica Maldonado was employed by Defendants as a Line Tech within the meaning of the FLSA within the three (3) year period preceding the filing of this Collective Action Complaint. Plaintiff Maldonado worked for Defendants in Tennessee

from May 2019 until November 2019. Plaintiff Maldonado was told she would be paid $18.00 per hour for every hour worked for Defendants. Plaintiff Maldonado hereby consents to be a party-plaintiff and a named representative plaintiff in this action and her consent to join form is attached as "*Collective Exhibit A*."

6. Plaintiff Shante McNairy was employed by Defendants as a Line Tech and Shift Lead within the meaning of the FLSA within the three (3) year period preceding the filing of this Collective Action Complaint. Plaintiff McNairy worked for Defendants in Tennessee from May 2019 until November 2019. Plaintiff McNairy was told she would be paid $18.00 per hour for every hour worked for Defendants as a Line Tech and was promoted to Shift Lead in August 2019 with a raise to $21.00 per hour. Plaintiff McNairy hereby consents to be a party-plaintiff and a named representative plaintiff in this action and her consent to join form is attached as "*Collective Exhibit A*."

7. Plaintiff Alexandria Reed was employed by Defendants as a Line Tech and Shift Lead within the meaning of the FLSA within the three (3) year period preceding the filing of this Collective Action Complaint. Plaintiff Reed worked for Defendants in Tennessee from May 2019 until November 2019. Plaintiff Reed was told she would be paid $18.00 per hour for every hour worked for Defendants as a Line Tech and was promoted to Shift Lead with a raise to $21.00 per hour. Plaintiff Reed hereby consents to be a party-plaintiff and a named representative plaintiff in this action and her consent to join form is attached as "*Collective Exhibit A*."

8. Defendant Tyson Ranch Processing, LLC is a for-profit Delaware Limited Liability Company authorized to do business, and is currently doing business, in the State of Tennessee. According to the Tennessee Secretary of State, it can be served through its

registered agent, CT Corporation System, at 300 Montvue Road; Knoxville, Tennessee 37919 or wherever it may be found.

9. Defendant Tyson Holistic Holdings, Inc. is a California for-profit corporation authorized to do business, and is currently doing business, in the State of California. According to the California Secretary of State, it can be served through its registered agent, Robert A. Hickman at 34145 Pacific Coast Highway, #304, Dana Point, California 92629 or wherever it may be found.

10. Defendant Robert A. Hickman is an individual residing in California and can be served with process at 34145 Pacific Coast Highway, #304, Dana Point, California 92629 or wherever he may be found.

### III. JURISDICTION AND VENUE

11. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

12. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendants are currently conducting business in this District and because the events that form the basis of this suit occurred in this District.

### IV. CLASS DESCRIPTION

13. Plaintiffs bring this action on behalf of themselves and the following similarly situated persons:

> All current and former hourly paid employees (Line Techs and Shift Leads) of Defendants during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiffs and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. *§* 216(b). (Collectively, "the class").

## V. COVERAGE

14. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiffs and Class Members.

15. At all times hereinafter mentioned, Defendants have been employers of Plaintiffs within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d), as well as an employer of all other persons hired to work for Defendants and comprising the Class.

16. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18. Throughout the statutory recovery period applicable to this action, Defendants knew the law required that the employees who worked for them be paid overtime for each hour they worked over forty (40) in any given workweek.

19. At all times material to this action, Plaintiffs and all other putative Class Members employed by Defendants were engaged in commerce.

20. At all times hereinafter mentioned, Plaintiffs and Class Members were individual employees engaged in commerce or in the production of goods for commerce as required

by 29 U.S.C. §§ 206–207.

## VI. FACTUAL ALLEGATIONS

21. Defendants' primary business is processing cannabidiol ("CBD") from raw hemp biomass for retail sale in various products across the United States.

22. Plaintiffs and Class Members were typically required to work in excess of forty (40) hours per week.

23. When Plaintiffs were hired by Defendants, they were told that they would be paid hourly for all the work they performed. However, Plaintiffs were not compensated for all hours worked over forty (40) at the applicable FLSA overtime rate.

24. In 2016 the corporate Defendants in this matter were founded by former undisputed World Heavyweight World Champion boxer "Iron" Mike Tyson and his business partner Defendant Robert A. Hickman with the goal of creating the best CBD extraction processes within the cannabis industry and with a holistic approach.

25. During the statutory period, Defendant Robert A. Hickman was an employee and equity holder of Tyson Ranch Processing, LLC and Tyson Holistic Holdings, Inc. Defendant Hickman is believed to be the Chief Executive Officer ("CEO") of Tyson Holistic Holdings, Inc. and Tyson Ranch Processing, LLC. In these capacities, he has the power to hire and fire employees and had this power over Plaintiffs during the course of their relevant employment. Defendant Hickman was ultimately in charge of Plaintiffs' schedule, supervised their work, was instrumental in implementing Defendants unlawful pay policies, and has knowledge of the overtime hours worked by Plaintiffs, but failed to provide proper redress or lawful pay for their excessive work. In short, he is, in whole or in part, responsible for the overtime violations at issue in this lawsuit.

26. Plaintiff and putative class members job duties involve, *inter alia*, producing and manufacturing CBD isolate.

27. Plaintiffs and Class Members were often required to work eighteen (18) hour days during their employment with Defendants.

28. Plaintiff and Class Members worked on average at least sixty (60) hours per week during their employment with Defendants.

29. Defendants required Plaintiffs and Class Members to attend "pass down" meetings at least fifteen (15) minutes prior to the beginning of their scheduled shifts for which they were not paid, stay after their shifts for mandatory, unpaid weekly meetings, have any overtime hours worked transferred over as "paid time off" at their regular rate of pay, and generally were required to perform work "off the clock" outside of their scheduled shift times.

30. Plaintiffs were told by management members of Defendants that overtime was not paid to employees no matter how many hours were worked per week.

31. Upon information and belief, all Named Plaintiffs had their employment terminated by Defendants when they complained about the way they were compensated for their work. Plaintiffs specifically mentioned the lack of overtime compensation for hours worked over forty (40) per week.

32. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and Class Members in both California and Tennessee.

33. The overtime provision set forth in §207 of the FLSA applies to the Defendants.

34. Plaintiffs are owed time and a half pay and liquidated damages for all hours worked over

forty (40) and during the statutory period.

## VIII. COLLECTIVE ACTION ALLEGATIONS

35. Plaintiffs re-allege and incorporate all the preceding paragraphs as if fully set forth herein.

36. Plaintiffs and Class Members were subjected to the same pay provisions and violations in that they were employed as hourly-paid workers not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.

37. Defendants' failure to compensate employees at the appropriate rate for hours worked in excess of forty (40) in a workweek as required by the FLSA results from a policy or practice of not paying hourly employees overtime rates for overtime hours. This policy or practice was applicable to Plaintiffs and Class Members. Application of this policy or practice does not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice, which resulted in the non-payment of overtime and all hours worked, that applied to Plaintiffs applied to all Class Members.

38. Defendants were aware of their obligation to pay overtime to Plaintiffs and Class Members and failed to do so. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and Class Members.

## IX. CAUSE OF ACTION

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

39. Plaintiffs re-allege and incorporate all the preceding paragraphs as if fully set forth herein.

40. During the relevant period, Defendants violated, and are currently violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for

commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty (40) hours without compensating such employees for their work in excess of forty (40) hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

41. Defendants have acted willfully in failing to pay Plaintiffs and Class Members in accordance with the law.

## X. RELIEF SOUGHT

42. WHEREFORE, cause having been shown, Plaintiffs prays for judgment against Defendants as follows:

    A. For an Order to Defendants to furnish to Plaintiffs' counsel a list of all names, telephone numbers, e-mail addresses, and home addresses of employees holding hourly-paid positions who have worked for the Defendant within the last three (3) years;

    B. For an Order that authorizes Plaintiffs' counsel to issue notice via U.S. mail, text message, and e-mail at the earliest possible time to all hourly-paid employees who have worked for the Defendants within the last three (3) years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

    C. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those who may join this suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join this suit);

    D. For an Order awarding Plaintiffs (and those who may join this suit) the costs of this action;

    E. For an Order declaring that Defendants' violations of the FLSA were willful;

F. For an Order awarding Plaintiffs (and those who may join this suit) attorneys' fees;

G. For an Order awarding Plaintiffs (and those who may join this suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

H. For an award of a reasonable incentive award for Plaintiffs to compensate them for the time and effort they have spent protecting the interests of the Class and the risks they have undertaken; and

I. For an Order granting any such other and further relief as may be necessary and appropriate by this Court.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a **TRIAL BY JURY** as to all issues.

Dated: September 11, 2020.　　　　　　　　Respectfully Submitted,

*/s/J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*
*rmorelli@jsyc.com*

and

Nina Parsley (TN BPR #23818)
**PONCE LAW**
400 Professional Park Drive
Goodlettsville, TN 37072
*nina@poncelaw.com*

*Attorneys for Plaintiffs and similarly situated current and former employees*